| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| JORGE ALBERTO JUAREZ, | § § | |
| Plaintiff, | § § | |
| versus | § § | CIVIL ACTION H-11-3381 |
| HARRIS COUNTY, | § § | |
| Defendant. | § § | |

## Opinion on Dismissal

Jorge Alberto Juarez sues Harris County for civil rights violations. 42 U.S.C. § 1983. Juarez moves to proceed as a pauper. 28 U.S.C. § 1915.

On May 22, 2011, Harris County charged Juarez with DWI. He claims Harris County denied him a speedy jury trial and effective legal counsel, and is using evidence against him gained from an illegal search and seizure. In this pending DWI case, he asks this court to order the state court to provide him a speedy trial, effective counsel, and substantive due process.

A person in custody under the judgment of a state court must exhaust his state court remedies before applying for habeas corpus relief in federal court. 28 U.S.C. §2254(b); *Coleman v. Thompson*, 501 U.S. 722 (1991). The exhaustion requirement also applies to pretrial situations. *Dickerson v. State of La.*, 816 F.2d 220, 225 -226 (5th Cir. 1987). There is no showing that Juarez has exhausted his pretrial state court remedies on his claims.

Juarez's attack on his pretrial custody suffers from another problem. Challenges to the legality of pretrial detention should be dismissed under the *Younger* doctrine, which prevents the federal courts from interfering with pending state criminal proceedings without a showing of great and immediate irreparable injury. *Younger v. Harris*, 401 U.S. 37, 46 (1971). Juarez has not shown irreparable injury. Abstention under *Younger* "is .... appropriate [when] assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character." *Louisiana Debating and Literary Ass'n v. New Orleans*, 42 F.3d 1483, 1489 (5th Cir. 1995).

Juarez also raises claims on an earlier criminal prosecution in Harris County. He says

prosecutors used the results of an illegal search and seizure in a 2010 DWI case in the 174th District Court in case number 1242387. Juarez seeks a reversal of this DWI conviction and its expungement from the record.

A civil rights claim which indirectly challenges the validity of a conviction or sentence cannot proceed unless the conviction or custody has been overturned or invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *Heck* applies to claims for injunctive relief that imply the invalidity of a conviction or custody. *Kutzner v. Montgomery County*, 303 F.3d 339, 340-41 (5th Cir. 2002). Juarez's attack on his conviction implicates its validity. The holding in *Heck v. Humphrey* bars Juarez's claims and requests for relief on his prior conviction.

Juarez fails to state a claim on his current custody and his prior conviction. This case will be dismissed.

The Harris County Jail will deduct 20% of each deposit made to Juarez's inmate trust account and pay this to the court regularly, provided the account exceeds $10, until the remainder of the filing fee, $350, is paid. The clerk will send a copy to the Harris County Inmate Trust Bank, 1200 Baker Street, Houston, Texas 77002; fax number 713-755-4546.

Signed November 30, 2011, at Houston, Texas.

Lynn N. Hughes
United States District Judge